UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SEANG WANG,

           Plaintiff,           CIV. S-03-2503 LKK PAN

     v.

JO ANNE B. BARNHART,          Findings and Recommendation
Commissioner of Social
Security,

           Defendants.

—o0o—

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq.

Both parties moved for judgment on the record.

To qualify, a claimant must establish inability to engage in "substantial gainful activity" because of a "medically

determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). The disabling impairment must be so severe that, considering age, education, and work experience, the claimant cannot engage in any kind of substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

      The Commissioner makes this assessment by a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 416.920(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 416.920(f). The last two steps of the analysis are required by statute. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

      Plaintiff filed an application for Title XVI supplemental security income benefits and was found to be disabled as of August 12, 1986. Tr. 18. On September 24, 1998, an administrative law judge issued a decision terminating benefits

as of June 1, 1996, due to medical improvement.  Tr. 40-46.

Plaintiff applied for benefits in September 2000, at age 50 years, claiming disability due to "posttraumatic stress, depression, anxiety, dizziness, abdominal discomfort, unable to sleep, and panic attack."  Tr. 372.  The present claim involves an unadjudicated period beginning on September 25, 1998.  Tr. 18. This claim was denied initially and upon reconsideration by the Social Security Administration.

In August 2002, after a hearing in May, an administrative law judge found plaintiff had not engaged in substantial gainful activity since September 25, 1998 (Tr. 22); that plaintiff had severe anxiety, depression, stomach pain and dizziness (Tr. 22), and suffered from posttraumatic stress disorder (Tr. 20), but that none of these impairments alone or in combination met or equaled a listing in Appendix 1, Subpart P, Regulation No. 4. Tr. 22.  Defendant found plaintiff's testimony was not substantially credible, that he had the residual functional capacity to perform the exertional requirements of work except for frequently lifting more than 25 pounds and occasionally lifting more than 50 pounds, and that he could not frequently socially interact with others or understand and carry out complex or detailed job tasks.  Tr. 22.  Defendant also credited the vocational expert's testimony and found that plaintiff could do his past relevant work as a home support service worker, that plaintiff's impairments and limitations did not preclude such work, and that plaintiff was not disabled.  Tr. 22.

This action follows the Appeals Council's October 2003 denial of plaintiff's request for review. Tr. 7-9.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990). Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance, Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401. The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision. Gonzalez v. Sullivan, supra, 914 F.2d at 1200. If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

////

1  Plaintiff testified that he is able to take care of his
2 personal hygiene and grooming, that he can go shopping, and that
3 he can drive.  Tr. 51-53.  He testified that he has "blurriness
4 and dizziness," that he "feels suicidal" and cannot "concentrate
5 on what he does."  Tr. 55.  He testified that he had stomach
6 pains, for which he takes medicine, which helps "sometimes."  Tr.
7 56.  Plaintiff also testified that he thinks back to when he was
8 in the war in southeast Asia, and it "scares him" and "worries
9 him a lot."  Tr. 58.  He also testified that he is depressed and
10 the medicine "doesn't seem to help."  Tr. 59.

11  Plaintiff claims that defendant erred in assessing: the
12 severity of plaintiff's alleged impairments, whether or not they
13 met or equaled listed impairments, plaintiff's residual
14 functional capacity and plaintiff's credibility.  Plaintiff also
15 claims defendant erroneously credited the vocational expert's
16 testimony.  All of these contentions are without merit.

17  First, plaintiff claims that defendant's "step two
18 findings were confused and contradictory" and that the "only
19 impairment mentioned in the decision is depression."  This is
20 inaccurate.  Defendant specifically found that plaintiff's
21 impairments include "severe anxiety, depression, stomach pain,
22 and dizziness" (Tr. 22) and that he has "posttraumatic stress
23 disorder" although his complaints concerning this condition were
24 "out of proportion to the overall weight of the objective medical
25 evidence."  Tr. 20.  Defendant's findings at step two were clear
26 and not contradictory as plaintiff claims.

5

Second, plaintiff claims defendant's "step three analysis was equally contradictory." This, too, is inaccurate. Defendant found that plaintiff "does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4." Tr. 22. Plaintiff does not argue that any of his impairments meet or equal a listed impairment, simply that defendant's finding is contradictory. Even had plaintiff argued error in defendant's finding, it is plaintiff's burden to prove that he meets or equals a listing. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Plaintiff has not advanced evidence or argument to meet this burden.

Third, plaintiff claims that defendant's "residual functional capacity determination is unfathomable and contradictory." Defendant found plaintiff has "the residual functional capacity to perform the exertional requirements of work except for frequently lifting more than 25 pounds and occasionally lifting more than 50 pounds" and that plaintiff "cannot frequently socially interact with others and understand and carry out complex or detailed job tasks." Tr. 22.

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. § 416.945(a) (1996). Where defendant's determination as to plaintiff's residual functional capacity is supported by substantial evidence, no error will be found. Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1197-98 (9th Cir. 2004).

Here, defendant undertook a careful consideration of the medical evidence in the record and ultimately concluded that plaintiff's complaints were not credible in light of substantial evidence in the record showing plaintiff was able to treat his psychological impairments and his stomach pain with medication, and that there was no medical evidence in the record of dizziness. Tr. 20-21.  In addition to considering the records of plaintiff's examining and treating physicians, defendant based his residual functional capacity determination on the assessment of a non-examining state agency physician who opined in March 2001 that plaintiff's residual functional capacity was consistent with medium work.  Tr. 21, 516-23.  Further, defendant took into account plaintiff's nonexertional limitations (inability to interact with others frequently and understand and carry out complex or detailed job instructions) in assessing plaintiff's residual functional capacity.  Tr. 21.  Defendant's hypothetical questions to the vocational expert reflected those limitations. Tr. 63-65.  Because the defendant's determination regarding plaintiff's residual functional capacity was based on substantial evidence, plaintiff's contention of error is without merit.

Next, plaintiff claims that the defendant improperly discredited plaintiff's testimony concerning his psychological limitations.

Defendant may find a claimant is not credible for reasons, supported by the record, that assure a reviewing court that rejection of claimant's testimony about his limitations is

7

not arbitrary. Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991). There must be specific, cogent reasons for disbelief and without affirmative evidence of malingering the reasons must be clear and convincing. Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999).

Defendant found plaintiff's complaints concerning his post traumatic stress disorder and depression "out of proportion to the overall weight of the objective medical evidence" and therefore "not substantially credible." Tr. 20. In particular, defendant found that:

> [W]hile the record shows claimant does have post traumatic stress disorder and depression due to war related traumas, his mental health has responded well to treatment which has consisted of therapy and medications, is not attended with significant objective clinical findings, has not precipitated psychiatric hospitalization and has not resulted in substantial limitations in his ability to perform daily living activities. This is consistent with progress notes which indicate that his depression improved with Prozac, he had a pleasant and cooperative mood and he denied psychotic behavior in April 1999; he was doing well in December 1999; he denied suicidal thoughts and psychotic behavior, was much brighter and not depressed and did not have concentration or though disturbances in September 2000; he was improving with Prozac and denied any major problems in March 2001; his mental exam was normal in May 2001; and he continued to experience improvement with Prozac in April 2002 (Ex's B-6F, B–9F and B-13F). In keeping with these findings, nonexamining state agency psychiatrists opined in December 2000 and June 2001 that the claimant's daily activities and social functioning were, at most, only moderately limited and his ability to timely complete work tasks and function in an occupational setting were only slightly restricted (Ex's 4F and 10F).

(Tr. 20-21).

   Contrary to plaintiff's contentions at the hearing that the medicine "doesn't seem to help" with regard to his depression, the medical evidence indicates otherwise in several places, as quoted above.  The reasons cited by defendant for discrediting claimant are clear and convincing and supported by substantial evidence in the record.

   Finally, plaintiff claims defendant erred by crediting the vocational expert's testimony and finding plaintiff capable of performing his past relevant work as a home support service worker.  Plaintiff argues that defendant erred by rejecting the definition of "moderate" advanced by plaintiff's counsel after the administrative law judge asked the expert whether one could do plaintiff's past work as care provider with "moderate limitations" in ability to: understand, remember and carry out detailed instructions, work in coordination with and proximity to others without being distracted by them, interact appropriately with the general public, accept instructions and respond appropriately to supervision, get along with co-workers without distracting them or exhibiting behavioral extremes, and set realistic goals.  Tr. 63.  Plaintiff's counsel defined "moderate" as "serious limitation," and based on that definition, the expert stated that plaintiff would not be able to do his past relevant work.  However, plaintiff's counsel conceded that the expert's response was conditioned upon accepting this definition and accepting as true plaintiff's particular allegations regarding his mental limitations.  Tr. 65.  The administrative law judge

9

1 noted, and the attorney agreed that, the medical evidence
2 mattered in establishing such context.  Tr. 65.
3     While the administrative law judge may seek expert
4 opinion by posing a range of hypothetical questions, based on
5 alternate interpretations of the evidence, substantial evidence
6 must support the opinion that ultimately serves as the basis for
7 the administrative law judge's determination.  <u>Embrey v. Bowen</u>,
8 849 F.2d 418, 422 (9th Cir. 1988).  Similarly, "[t]he ALJ is not
9 bound to accept as true the restrictions presented in a
10 hypothetical question propounded by a claimant's counsel."
11 <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756 (9th Cir. 1989).  The
12 administrative law judge is free to accept them if they are
13 supported by substantial evidence or reject them if they are not.
14 <u>Id</u>. at 756-757.  As discussed above, the administrative law judge
15 properly found the medical evidence did not support plaintiff's
16 allegations concerning his mental limitations.  Therefore,
17 defendant did not err in crediting the vocational expert's
18 testimony and finding plaintiff capable of doing his past
19 relevant work.
20     I find that there was no error and recommend that the
21 decision be affirmed.
22     Dated:  July 11, 2005.

                    /s/ Peter A. Nowinski
                    PETER A. NOWINSKI
                    Magistrate Judge